IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOE HAND PROMOTIONS, INC.,

Plaintiff,

v.

BQE HOSPITALITY GROUP INC. d/b/a BQE Restaurant, et al.,

Defendants.

CIVIL ACTION FILE
NO. 1:25-CV-6106-TWT

**OPINION AND ORDER**

This is an action for unlawful interception of satellite and cable TV service. It is before the Court on the Plaintiff Joe Hand Promotions, Inc.'s Motion for Summary Judgment [Doc. 14] as to Defendant Kenya Amos and the Plaintiff's Motion to Supplement [Doc. 15].[1] For the following reasons, both Motions are GRANTED.

## I. Background[2]

The Plaintiff is a closed-circuit commercial distributor of sports and entertainment programming. (Pl.'s Statement of Material Facts ¶ 1). The

[1] Defendant Amos raises no argument against allowing the supplement in her opposition brief. Accordingly, the Court will grant the Plaintiff's Motion to Supplement.

[2] The operative facts on the Motion for Summary Judgment are taken from the parties' Statements of Undisputed Material Facts and the responses thereto. The Court will deem the parties' factual assertions, where supported by evidentiary citations, admitted unless the respondent makes a proper objection under Local Rule 56.1(B).

Plaintiff purchased the exclusive nationwide television distribution rights to broadcast two boxing matches that took place in November and December 2021. (*See id.* ¶ 2). Defendant Kenya Amos was the manager of the BQE Restaurant on the dates that the matches at issue aired, and the matches were broadcast at the Restaurant. (*Id.* ¶¶ 3-4, 9). Amos had the right and ability to supervise activities at BQE and received a direct financial benefit from the restaurant's activities. (*Id.* ¶¶ 6-7). Food and drink were sold to BQE's patrons while the matches aired. (*Id.* ¶ 11). Amos was present and witnessed the matches being aired at the restaurant, although Amos had not ordered or paid the Plaintiff for distribution rights to broadcast them. (*Id.* ¶¶ 12-16).

The matches were shown at BQE from either a residential cable or satellite TV account or an internet application in Amos's name for that location. (*Id.* ¶ 17). Amos knew that BQE had not obtained commercial exhibition rights for the matches, and knew that broadcasting the matches at BQE was not authorized. (*Id.* ¶¶ 18-19). Nonetheless, Amos advertised the matches, knowingly and willfully broadcast the matches at BQE, and benefited financially from doing so. (*Id.* ¶¶ 20-23). BQE had the capacity to show the matches to 75 patrons and, had BQE contracted with the Plaintiff for exhibition rights, the Plaintiff would have charged BQE $980.00 for each match. (*Id.* ¶ 26).

The Plaintiff brought this action against Defendant Kenya Amos and BQE Restaurant. It asserts one count for violations of 47 U.S.C. § 605 and, alternatively, 47 U.S.C. § 553. (Compl. ¶¶ 18-23). The Plaintiff has moved for summary judgment, and that Motion is presently before the Court.

## II. Legal Standards

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c). The court should view the evidence and draw any inferences in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

## III. Discussion

### A. Procedural Issues

Before addressing the Plaintiff's substantive arguments, the Court first turns to the procedural issues governing the Parties' statements of material fact and therefore which facts the Court deems admitted for summary

judgment purposes. The Plaintiff argues that, because Amos failed to respond to its requests for admission within the 30-day period set by Fed. R. Civ. P. 36(a)(3), all of its requests are deemed admitted. The Plaintiff is correct under the circumstances presented here. Rule 36(a)(3) states that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection." There is no dispute that Amos's objections were filed nearly three weeks late. (*See* Aff. of Paul Morochnik, [Doc. 14-3], at ¶ 2 (averring that requests for admission were served on January 19, 2026); Amos's Resp. in Opp'n to Pl.'s Mot. for Summ J., Ex. 1, [Doc. 16-1], at 1 (showing discovery responses sent on Mar. 11, 2026)). There is also no dispute that Amos never sought to withdraw or amend these admissions, although Rule 36(b) permits such a request. Rule 36(b) also provides that "[a] matter admitted under this rule is conclusively established unless the court [permits withdrawal or amendment]."

Amos argues that the Court should ignore Rule 36's plain language and disregard the admissions because the Eleventh Circuit has a strong policy of disposing of cases on their merits. (Def. Amos's Resp. in Opp'n to Pl.'s Mot. for Summ. J., at 3). But the case that Amos relies on is a default judgment case that was before the Court on a request to withdraw default judgment. *See J & J Sports Productions, Inc. v. Lopez*, 2020 WL 13931379, at *1 (N.D. Ga. Aug.

7, 2020). Amos has made no such request to withdraw here and, if she had, only then would the Court consider whether permitting amendment or withdrawal would "promote the presentation of the merits of the action." Fed. R. Civ. P. 36(b). In any event, the Eleventh Circuit has affirmed a district court's decision to deem unresponded-to requests for admission as conclusively established for the purpose of summary judgment. *United States Dep't of Labor v. Lovett*, 2021 WL 5321376, at *1-2 (11th Cir. Nov. 16, 2021). *Lovett* involved a pro se plaintiff and, even recognizing that pro se filings are to be liberally construed, the Eleventh Circuit held that Rule 36's mandatory language must be enforced. *See id.* ("Consequently—Lovett's pro se status notwithstanding—Rule 36's respond-or-concede requirement applies to him as it would any other litigant."). The fact that Amos is counseled makes his failure to timely respond or move for withdrawal especially inexcusable here.

Even putting aside the Rule 36 issue, Amos has failed to properly oppose the Plaintiff's statement of material facts, so the Plaintiff's facts would be deemed admitted regardless. Local Rule 56.1(B)(2)(a)(2) requires a summary judgment respondent to "(i) directly refute[] the movant's fact with concise responses supported by specific citations to evidence . . .; (ii) state[] a valid objection to the admissibility of the movant's fact; or (iii) point[] out that the movant's citation does not support the movant's fact." Amos's response to the Plaintiff's statement of material facts has zero citations to evidence and reads

more like an answer; she largely either states that she lacks sufficient information to admit or deny an allegation or just outright denies it while sometimes making vague references to her untimely discovery responses. (*See generally* Amos's Resp. to Pl.'s Statement of Material Facts). These responses do not comply with Local Rule 56.1(B)(2)(a).

**B. Liability**

Even though the Plaintiff's requests for admission are deemed admitted, the Court still must assess whether the admitted facts satisfy the elements of the claim. The Plaintiff has clarified that it seeks summary judgment only under § 605. That provision provides, as relevant, that

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the . . . contents . . . of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents . . . of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the . . . contents . . . of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

47 U.S.C. § 605(a). Other Judges in the Northern District of Georgia have consistently held that a plaintiff states a claim under § 605 by alleging that the defendant "(1) intercepted or received [a copyrighted broadcast]; (2) did not pay for the right to receive or to exhibit the [broadcast]; and (3) displayed the

[broadcast] "to patrons of its commercial establishment." *Joe Hand Promotions, Inc. v. Laissez Faire Global LLC*, 2024 WL 3676358, at *2 (N.D. Ga. Aug. 6, 2024) (citation omitted) (collecting cases). "Liability attaches to a defendant in his individual capacity as an officer, director, or shareholder if the defendant "had a right and ability to supervise the violations and a strong financial interest in [the] activities." *Joe Hand Promotions, Inc. v. Harvey*, 2022 WL 22893138, at *2 (N.D. Ga. Feb. 7, 2022) (citation omitted).

The Plaintiff has established that there is no dispute of genuine fact as to each of these elements. The Plaintiff alleged that Amos had supervisory authority at BQE and that the matches at issue were broadcast at BQE, even though Amos knew the Plaintiff held the exclusive distribution rights, and that no one had paid the Plaintiff for commercial exhibition rights. (Pl.'s Statement of Material Facts ¶¶ 4, 6, 9-10, 14-16). Because Amos did not seek commercial exhibition rights from the Plaintiff, the broadcasts were necessarily intercepted. And, the Plaintiff has established that Amos allowed the intercepted matches to be played for BQE's patrons, who were sold food and drink. (*Id.* ¶ 11); (Aff. of Gary DuBose, [Doc. 14-5], at 1-2). These admissions are sufficient to satisfy the elements of a claim under § 605. *See Laissez Faire Global LLC*, 2024 WL 3676358, at *2. The Plaintiff has further established that Amos can be held individually liable because she supervised and participated in the unlawful broadcasts and knew that the Plaintiff had not been paid for a

commercial exhibition license, while benefiting financially from food and drink sales. (Pl.'s Statement of Material Facts ¶¶ 6, 7-8, 11, 21, 24); *Harvey*, 2022 WL 22893138, at *2. Accordingly, the Court will grant summary judgment in the Plaintiff's favor as to liability for its claim under § 605. The Court turns next to the issues of damages and attorney's fees.

**C. Damages**

The Plaintiff seeks both statutory and enhanced damages under § 605. Statutory damages can range from $1,000 to $10,000 per violation. 47 U.S.C. § 605(e)(3)(C)(i)(II). District courts have "wide latitude … in awarding statutory damages, bounded only by the statutory limits." *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 852 (11th Cir. 1990). Other district courts addressing damages under § 605 have considered the amount the defendant would have paid to purchase a license to display the match in determining an appropriate damages award. *See Harvey*, 2022 WL 22893138, at *3.

Willful violations for commercial advantage permit the Court to increase the damages up to $100,000 per violation. *Id.* § 605(e)(3)(C)(ii). "[W]illfulness under section 605 is established by the fact that an event is broadcast without authorization." *Joe Hand Promotions, Inc. v. Glover*, 2022 WL 898345, at *3 (N.D. Ga. Mar. 28, 2022) (citation omitted). In calculating an enhanced damages award, "courts consider several facts: (1) the number of violations;

(2) the defendant's unlawful monetary gains; (3) the plaintiff's significant actual damages; (4) whether the defendant advertised for the event; and (5) whether the defendant collected a cover charge." *Harvey*, 2022 WL 22893138, at *3 (citation modified).

The Plaintiff does not request a specific amount for damages in its Complaint but seeks $5,000 in statutory damages and $15,000 in enhanced damages per violation in its Motion. (Pl.'s Mot. for Summ. J., at 18). The Plaintiff has established that Amos unlawfully intercepted and exhibited two matches at BQE and that, had commercial exhibition rights for these matches been procured, the Plaintiff would have charged $980 per match. (Pl.'s Statement of Material Facts ¶ 26). The Plaintiff has also established that Amos willfully violated § 605 because she knew that she had not obtained commercial exhibition rights yet broadcast the matches at BQE anyway for financial gain. (*Id.* ¶¶ 18-19, 7-11, 21); *Glover*, 2022 WL 898345, at *3. And, the Plaintiff has established that Amos advertised the matches' exhibition at BQE on social media. (Pl.'s Statement of Material Facts ¶¶ 22-23).

The Court finds the Plaintiff's request for a total of $40,000 in damages to be excessive under the facts presented in this case. This case is similar to *Joe Hand Promotions, Inc. v. Hollywood Enterprises LLC*, 2023 WL 6214030 (N.D. Ga. Sept. 25, 2023). There, the plaintiff established that the defendant had unlawfully and willfully broadcast a UFC fight at its establishment on one

occasion. The plaintiff sought a total of $110,000 in damages, but the court found that the record showed no evidence that the defendant's conduct "had a measurable effect on the consumer demand of [the plaintiff's] paying clients," nor was there evidence of the defendant's "wrongful profits" or the effect of its conduct. *Id.* at *3. The court noted that the evidence established only what the plaintiff would have charged the defendant for a commercial exhibition license and approximately how many patrons had been in the establishment when the fight was shown. *Id.* The court then concluded that because the license fee was less than the statutory minimum under § 605(e)(3)(C)(ii), it would award the statutory minimum of $1,000 plus triple the license fee for enhanced damages under § 605(e)(3)(C)(iii), totaling $3,598 in damages. *Id.* At least three other cases in this district have followed this formula. *See Laissez Faire Global LLC*, 2024 WL 3676358, at *2; *Harvey*, 2022 WL 22893138, at *3; *Glover*, 2022 WL 898345, at *5. In *Glover*, as is true here, the record established that the defendant had advertised the broadcast to encourage patrons to attend. *Glover*, 2022 WL 898345, at *5.

Like in *Hollywood Enterprises*, the Plaintiff here has established only what the licensing fee would have been ($980) and that, at the highest count, there were 70 patrons at BQE while the matches aired. (Pl.'s Statement of Material Facts ¶ 26); (Aff. of Gary DuBose, at 2). There were two violations in this case, so the Court finds an award of $1,960 to be appropriate for statutory

damages under § 605(e)(3)(C)(ii). Because the Plaintiff has established that the violations were willful, the Court will also award triple the statutory damages—$5,880—as an award of enhanced damages under § 605(e)(3)(C)(iii), for a total damages award of $7,840.

**D. Attorneys' Fees**

Finally, the Plaintiff seeks statutory attorneys' fees and costs against Amos under 47 U.S.C. § 605(e)(3)(B)(iii) in an amount to be determined, seeking fees and costs from the inception of this action through summary judgment. Section 605(e)(3)(B)(iii) provides that "[t]he court . . . shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." This language is mandatory; the Plaintiff prevailed on its claim against Defendant Amos, so it is entitled to an award of fees. However, the Plaintiff has not provided the Court with an invoice or other supporting documentation in conjunction with its Motion for Summary Judgment. The Plaintiff did provide an invoice with its Motion for Default Judgment against Defendant BQE, and the Plaintiff has not argued that it is entitled to a full, separate recovery of fees from each Defendant. Accordingly, the Court defers ruling on the Plaintiff's request for attorneys' fees at this time and will address it in conjunction with the Plaintiff's Motion for Default Judgment against BQE.

## IV. Conclusion

For the foregoing reasons, the Plaintiff Joe Hand Promotions, Inc.'s Motion to Supplement [Doc. 15] and Motion for Summary Judgment [Doc. 14] are GRANTED as to liability and damages. The Court defers ruling on the Plaintiff's request for attorneys' fees at this time. The Clerk is DIRECTED to enter judgment against Defendant Kenya Amos for $7,840 in damages.

SO ORDERED, this 19th day of November, 2026.

Thomas W. Thrash

THOMAS W. THRASH, JR.
United States District Judge