IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BQE HOSPITALITY GROUP INC. d/b/a BQE Restaurant, et al.,<br><br>Defendants. | CIVIL ACTION FILE<br>NO. 1:25-CV-6106-TWT |

**OPINION AND ORDER**

This is an action for unlawful interception of satellite and cable TV service. It is before the Court on the Plaintiff Joe Hand Promotions, Inc.'s Motion for Default Judgment as to Defendant BQE Hospitality Group, Inc. [Doc. 18]. For the following reasons, the Plaintiff's Motion is GRANTED.

## I. Background

The Plaintiff is company that distributes and licenses premier sporting events to commercial, non-residential establishments like bars and restaurants. (Compl. ¶ 6). The Plaintiff had the sole and exclusive license to distribute and authorize the public display of two boxing matches that aired on November 20, 2021, and December 5, 2021, respectively. (*Id.* ¶¶ 3, 7). Defendant BQE Hospitality Group, Inc. ("BQE") operates a restaurant known as BQE Restaurant in Atlanta, Georgia. (*Id.* ¶ 4). The broadcasts of the matches were transmitted via satellite signal and were scrambled so as to be unavailable to the general public. (*Id.* ¶ 7). The matches were only legally

available to exhibit at BQE Restaurant after paying a commercial sublicense fee to the Plaintiff for each match. (*Id.* ¶ 9). BQE did not contract with Plaintiff for commercial exhibition rights for the matches at issue and did not pay the associated sublicense fees. (*Id.*). Instead, BQE or its agents or employees circumvented the sublicensing requirement and unlawfully obtained the matches through illegal interception or receipt of the satellite signal. (*Id.* ¶¶ 9-10). Legitimate non-commercial distributors of the matches limit use of their service to residential and personal use, but some commercial locations ignore the terms and conditions and unlawfully exhibit the matches commercially. (*Id.* ¶ 11). BQE willfully engaged in the wrongful acts it committed to intercept or receive the matches via satellite signal without paying the Plaintiff for a commercial sublicense. (*Id.* ¶ 12). Additionally, BQE advertised the broadcasts of the matches on social media and sold food and drink during the broadcasts. (*Id.* ¶ 13). As a result, BQE wrongfully benefited from its infringement on the Plaintiff's exclusive distribution rights. (*Id.* ¶ 14).

The Plaintiff brought this action against Defendant Kenya Amos—an owner or manager of BQE Restaurant—and BQE. It asserts one count for violations of 47 U.S.C. § 605 and, alternatively, 47 U.S.C. § 553. (Compl. ¶¶ 5, 18-23). BQE was served on October 29, 2025, and has not responded to the Complaint. [Doc. 4]. On November 25, 2025, the Clerk entered default against BQE. [Dkt. Entry dated Nov. 25, 2025]. On August 12, 2026, the Plaintiff filed

the Motion for Default Judgment against BQE that is presently before the Court. [Doc. 18]. BQE has not responded to the Motion.

## II. Legal Standard

"When a defendant has failed to plead or defend, a district court may enter judgment by default." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015) (citing Fed. R. Civ. P. 55(b)(2)). As it must when considering a motion for default judgment, the Court presumes that all well-pleaded allegations are true. *See Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1277-78 (11th Cir. 2005). However, the Court does not presume the truth of conclusions of law or facts that are not well-pleaded. *See id.* at 1278.

Where a plaintiff's claims are not for a sum certain or a sum that can be made certain by computation, the party must apply to the Court for a default judgment once the Clerk has first entered default. Fed. R. Civ. P. 55(a), (b). The Clerk's entry of default does not automatically warrant a default judgment on a plaintiff's claims. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1] Entry of default judgment is at the discretion of the district court. *Surtain*, 789 F.3d at 1244; *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Because there is a strong policy in this

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

circuit of determining cases on their merits, default judgments are viewed with disfavor. *Surtain*, 789 F.3d at 1244-45; *In re Worldwide Web Sys., Inc.*, 328 F.3d at 1295. But where a complaint states well-pleaded allegations of fact that are sufficient to state a claim for relief, default judgment may be warranted. *United States v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006).

## III. Discussion

The Plaintiff argues that it is entitled to default judgment because it has established the elements of its claim under 47 U.S.C. § 605 based on its Complaint and supporting documentation. (Pl.'s Mot. for Default J., at 4-5). It also contends that it is entitled to both statutory and enhanced damages under the statute because it has established that BQE committed the violations willfully. (*Id.* at 5-10).

Although the Plaintiff raises arguments under both 47 U.S.C. § 605 and 47 U.S.C. § 533 in its Motion, the Complaint makes clear that it pled § 533 as an alternative. (*See* Compl. ¶¶ 21-23). Section 605 provides, as relevant, that

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the . . . contents . . . of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. No person having received any intercepted radio communication or having become acquainted with the contents . . . of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the . . . contents . . . of such communication (or any part thereof) or use such communication

> (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

47 U.S.C. § 605(a). Other Judges in the Northern District of Georgia have consistently held that a plaintiff states a claim under § 605 by alleging that the defendant "(1) intercepted or received [a copyrighted broadcast]; (2) did not pay for the right to receive or to exhibit the [broadcast]; and (3) displayed the [broadcast] "to patrons of its commercial establishment." *Joe Hand Promotions, Inc. v. Laissez Faire Global LLC*, 2024 WL 3676358, at *2 (N.D. Ga. Aug. 6, 2024) (citation omitted) (collecting cases).

The Plaintiff has sufficiently stated a claim for relief under § 605. The Plaintiff has alleged that it had the sole exclusive license to authorize exhibition of the matches at issue and that BQE did not seek or pay it for a commercial sublicense, but that it nonetheless broadcast the matches at its establishment. (Compl. ¶¶ 3, 7, 9-10, 12-14); (Aff. of Gary DuBose, [Doc. 18-3], at 1-2). These allegations satisfy the elements for a claim under § 605. *See Laissez Faire Global LLC*, 2024 WL 3676358, at *2. The Court will thus grant default judgment as to BQE on liability grounds.

The Plaintiff seeks both statutory and enhanced damages under § 605. Statutory damages can range from $1,000 to $10,000 per violation. 47 U.S.C. § 605(e)(3)(C)(i)(II). District courts have "wide latitude ... in awarding statutory damages, bounded only by the statutory limits." *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 852 (11th Cir. 1990).

Other district courts addressing damages under § 605 have considered the amount the defendant would have paid to purchase a license to display the match in determining an appropriate damages award. *See Harvey*, 2022 WL 22893138, at *3.

Willful violations for commercial advantage permit the Court to increase the damages up to $100,000 per violation. *Id.* § 605(e)(3)(C)(ii). "[W]illfulness under section 605 is established by the fact that an event is broadcast without authorization." *Joe Hand Promotions, Inc. v. Glover*, 2022 WL 898345, at *3 (N.D. Ga. Mar. 28, 2022) (citation omitted). In calculating an enhanced damages award, "courts consider several facts: (1) the number of violations; (2) the defendant's unlawful monetary gains; (3) the plaintiff's significant actual damages; (4) whether the defendant advertised for the event; and (5) whether the defendant collected a cover charge." *Harvey*, 2022 WL 22893138, at *3 (citation modified).

The Plaintiff does not request a specific amount for damages in its Complaint but seeks the maximum statutory and enhanced damages in its Motion. (Pl.'s Mot. for Summ. J., at 8-9). The Plaintiff has established that BQE unlawfully intercepted and exhibited two matches at BQE Restaurant and that, had commercial exhibition rights for these matches been procured, the Plaintiff would have charged $980 per match. (Compl. ¶¶ 3, 7, 9-10, 12-14); (Aff. of Joe Hand, [Doc. 18-4], ¶ 8). The Plaintiff has also established that BQE

willfully violated § 605 because it knew that it had not obtained commercial exhibition rights yet broadcast the matches at the restaurant anyway for financial gain. (*Id.* ¶¶ 12-14); *Glover*, 2022 WL 898345, at *3. And, the Plaintiff has established that BQE advertised the matches' exhibition at the restaurant on social media. (*Id.* ¶ 13).

As it did in ruling on the Plaintiff's Motion for Summary Judgment against Defendant Kenya Amos, the Court will follow the prevailing approach in this district of awarding the license fee in statutory damages § 605(e)(3)(C)(ii) so, because there were two violations in this case, the Court will award $1,960 in statutory damages. Because the Plaintiff has established that the violations were willful, the Court will also award triple the statutory damages—$5,880—as an award of enhanced damages under § 605(e)(3)(C)(iii), for a total damages award of $7,840.

Finally, the Plaintiff requested attorneys' fees and costs under § 605(e)(3)(B)(iii), submitting a timesheet for $4,076.50 in fees. (Pl.'s Mot. for Default J., Ex. 5 [Doc. 18-5], at 2). Section 605(e)(3)(B)(iii) provides that "[t]he court . . . shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." This language is mandatory; the Plaintiff prevailed on its claims against both Defendant Amos and BQE, so the Court will grant the Plaintiff's request for attorneys' fees. The Court has reviewed the Plaintiff's invoice and finds the hours expended and

the hourly rate to be reasonable in the Atlanta legal market given the type of allegations and the limited proceedings. *See Harvey*, 2022 WL 22893138, at *4 (citing *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1366 (N.D. Ga. 2011)). The Court will therefore award the Plaintiff $4,076.50 in attorney's fees and costs under § 605(e)(3)(B)(iii).

## IV. Conclusion

For the foregoing reasons, the Plaintiff Joe Hand Promotions, Inc.'s Motion for Default Judgment as to Defendant BQE Hospitality Group, Inc. [Doc. 18] is GRANTED. The Clerk is DIRECTED to enter default Judgment against Defendant BQE Hospitality Group, Inc. in the amount of $7,840 plus $4,076.50 in attorney's fees and costs.

SO ORDERED, this 19th day of November, 2026.

THOMAS W. THRASH, JR.
United States District Judge